# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

HENRY WARING SMITH,                )
                                   )
    Petitioner,                    )
v.                                 )    Case No. CV407-114
                                   )
CYNTHIA NELSON, *Warden*; and      )
THE ATTORNEY GENERAL OF            )
THE STATE OF GEORGIA,              )
                                   )
    Respondent.                    )

## REPORT AND RECOMMENDATION

Henry Waring Smith, who is currently incarcerated at Autry State Prison in Pelham, Georgia, has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1.) Respondent has filed an answer opposing the petition. (Doc. 8.) For the reasons that follow, the petition should be **DENIED**.

## I. BACKGROUND

On June 14, 2004, a Chatham County jury convicted Smith of felony murder and possession of a firearm during the commission of a

---

[1] Petitioner filed an amended § 2254 petition, but it contains no new grounds for relief. (Doc. 12.) The Court will consider it along with Smith's original petition.

felony. (Doc. 1 at 3; Resp't's Ex. 3 at 1.) Smith was sentenced to life imprisonment on the felony murder conviction and five years on the firearm count, which was set to run consecutively to the life sentence. (Resp't's Ex. 3 at 3.) The Georgia Supreme Court affirmed Smith's conviction and sentence. Smith v. Georgia, 627 S.E.2d 1, 2 (Ga. 2006). On May 30, 2006, Smith filed a state habeas petition in the Mitchell County Superior Court. (Resp't's Ex. 1.) The state habeas court denied Smith's petition on February 12, 2007. (Resp't's Ex. 3.) Smith's application for a certificate of probable cause to appeal the state habeas court's determination was denied on June 5, 2007. (Resp't's Ex. 4.)

Smith filed this federal habeas corpus petition on August 2, 2007, asserting the following grounds for relief:

(1) the conviction was obtained using statements obtained in violation of Miranda;

(2) the state court and respondent failed to provide Smith with a transcript of certain statements that were admitted at trial;

(3) respondent improperly bolstered the credibility of certain witnesses and destroyed Smith's credibility, thereby violating the sanctity of the jury;

(4) respondent illegally introduced extraneous evidence against the defendant over objections;

(5) the state court erroneously instructed the jury to disregard Smith's testimony and refused to give certain jury charges as to the use of force in defense of a habitation;

(6) the state court threatened Smith into not testifying on his own behalf;

(7) appellate counsel was ineffective for abandoning the grounds raised in this petition, failing to raise ineffective assistance of trial counsel during the motion for a new trial, and raising the "inconsistent verdict rule," which had been abolished;

(8) trial counsel was ineffective by unreasonably and prejudicially prohibiting Smith from testifying on his own behalf.

(Doc. 1 at 7-9.)


## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") placed "a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Williams v. Taylor, 529 U.S. 362, 412 (2000). AEDPA was intended "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see Peterka v. McNeil, 532 F.3d 1199, 1200-01 (11th Cir. 2008) (under AEDPA a federal court's review of a

state court ruling is "'greatly circumscribed and highly deferential to the state courts'") (citation omitted); <u>Trotter v. Sec'y, Dep't of Corr.</u>, 535 F.3d 1286, 1290 (11th Cir. 2008) (AEDPA limits a federal court's review of a state court's decisions "'and establishes a general framework of substantial deference for reviewing every issue that the state courts have decided.'") (citations omitted). These new restrictions on federal habeas review are set forth in 28 U.S.C. § 2254(d), which provides that a federal court may grant a writ of habeas corpus for a claim adjudicated on the merits in state court only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning and furnish separate bases for reviewing a state court's decisions. <u>Bell</u>, 535 U.S. at 694; <u>Williams</u>, 529 U.S. at 404-05; <u>Putnam v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2001). A

state court decision is "contrary to" clearly established federal law[2] if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams, 529 U.S. at 405-06, 412-13. A state court decision involves an unreasonable application of clearly established federal law where that decision correctly identifies the governing legal rule from the Supreme Court's cases but applies it unreasonably to the facts of the particular prisoner's case. Id. at 407-08, 413. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Instead, the appropriate inquiry is whether the state court's application of Supreme Court precedent was "objectively unreasonable." Id. at 409; Bell, 535 U.S. at

---

[2] The statutory reference to "clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A federal habeas court may not look to "the case law of the lower federal courts" in determining what federal law is "clearly established." Putnam, 268 F.3d at 1241. This is a retrenchment from former practice, which allowed the federal courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court when conducting habeas review of a state court judgment. Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 519 U.S. 1074 (1997).

694; Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). Conditioning the writ of federal habeas corpus upon a finding that the state court's legal analysis was *unreasonable* presents "a substantially higher threshold" than the pre-AEDPA standard. Schriro v. Landrigan, 500 U.S. _____, 127 S.Ct. 1933, 1939 (2007).

A state court's factual findings "shall be presumed to be correct" unless rebutted by the petitioner "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption of correctness applies to findings of fact made by both state trial and appellate courts. Dill v. Allen, 488 F.3d 1344, 1354 (11th Cir. 2007). This deference to state court fact findings, however, does not apply to mixed determinations of law and fact. Parker, 244 F.3d at 836.

A state court's decision rejecting a constitutional claim on the merits is entitled to deference even if the decision is summary in nature and offers no discussion of the court's reasoning. Wright v. Moore, 278 F.3d 1245, 1253-54 (11th Cir. 2002) (two-sentence opinion affirming defendant's conviction constituted a rejection of his claim on the merits so as to warrant deference); Parker, 331 F.3d at 776 ("the summary nature of [the] decision does not lessen the deference that it is due").

With these considerations in mind, the Court will now turn to Smith's asserted grounds for relief.

## III. ANALYSIS

Grounds 1, 2, 3, 4, 5, 6, and 8 are procedurally defaulted under state law and therefore should be denied. Ground 7, alleging ineffective assistance of appellate counsel, was decided adversely to Smith during habeas review and should be denied on the merits.

The federal courts' respect of state procedural default rules is rooted in Supreme Court precedent. In <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Id.</u> at 750. Echoing the holding in <u>Coleman</u>, the Eleventh Circuit has stated that a § 2254 petitioner who fails to properly raise his federal claims in state court is "procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice

from the default." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). "Such procedural default can arise two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, Sykes requires the federal court to respect the state court's decision." Id. (citing Atkins v. Singletary, 965 F.2d 952, 956 (11th Cir. 1992)). "Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court." Id. (citing Snowden v. Singletary, 135 F.3d 736, 737 (11th Cir. 1998)).

Here, the state habeas court explicitly found that grounds 1, 2, 3, 4, 5, 6 and 8 were procedurally barred under O.C.G.A. § 9-14-48(d), which states that claims not raised in a timely manner under the proper procedure at trial or on direct appeal may not be reviewed in a habeas corpus proceeding absent a showing of cause or prejudice. See Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) (failing to timely object to any alleged trial court error or to pursue such error on appeal will generally

preclude review by writ of habeas corpus). Because the claims were not raised on appeal, the state habeas court found them to be procedurally defaulted.[3] (Resp. Ex. 3 at 3). Since "the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar, i.e., an adequate and independent state ground," Bailey, 172 F.3d at 1303, this Court must respect its determination. Atkins, 965 F.2d at 956 ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.") (citation omitted). Nevertheless, if Smith can demonstrate that he qualifies for an exception to the bar, this Court must review his claims. See Bailey, 172 F.3d at 1302.

To qualify for an exception, Smith must demonstrate cause and prejudice for his state court procedural default.[4] Johnson v. Singletary,

---

[3] All of Smith's claims were raised in his motion for new trial (Resp't's Ex. 2 at 239-41), but they were abandoned on appeal to the Georgia Supreme Court, where he argued only that the evidence was insufficient to support the conviction and that the felony murder conviction was inconsistent with the acquittal on the charge of aggravated assault. Smith v. Georgia, 627 S.E.2d at 2. Because he did not pursue the claims on appeal, they are considered waived. Black, 336 S.E.2d at 755.

[4] Actual innocence can also excuse a procedural default. Johnson, 938 F.2d at 1174-75. Smith contends throughout the record that he is actually innocent. The

938 F.2d 1166, 1174–75 (11th Cir. 1991). Cause for a procedural default can be established by showing that appellate counsel was constitutionally ineffective, Murray v. Carrier, 477 U.S. 478, 488 (1986), and Smith raises an independent claim of ineffective assistance of appellate counsel in which he argues that his attorney, Steven Sparger, performed deficiently by failing to raise the seven procedurally defaulted grounds for relief on appeal. (Doc. 1 at 8-9; Resp't's Ex. 2 at 13-14.) The state habeas court held a hearing on this claim and heard testimony from Smith and Sparger.[5] (Resp't's Ex. 2a.) At the hearing, it was established that Smith demanded that the procedurally defaulted grounds be raised in the motion for new trial. (Id. at 15.) Sparger stated that though he raised the issues in the motion for new trial he abandoned them on appeal,

---

actual innocence standard is exceedingly narrow, however. "To meet this standard, a [petitioner] must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (quoting Murray, 477 U.S. at 496). Actual innocence refers to factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623-24 (1998) (quotations and citations omitted). The Supreme Court has indicated that a petitioner must present "new reliable evidence" establishing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Smith puts forward no evidence of actual innocence, so his procedural default cannot be excused on this ground.

[5] On cross-examination, Sparger testified that he was admitted to the Georgia bar in June of 1992, 95% of his caseload is criminal, and that he has taken over 40 criminal appeals to a final disposition. (Id. at 22-24.)

instead "rais[ing] what [he] thought had the best chance of getting [Smith] a reversal." (Id.) Smith explicitly asked Sparger if "given a second chance at the appeal, would [he] raise, argue and present the Georgia Supreme Court all of these issues in [his] recast amendment to motion for new trial." (Id. at 16.) Sparger said that he would not. (Id.) Applying Strickland v. Washington, 466 U.S. 668 (1984), the state habeas court found that Smith "failed to meet[] his burden of demonstrating that appellate counsel Steven Sparger's representation was constitutionally ineffective." (Resp't's Ex. 3 at 5.) It reasoned that appellate counsel's decision to abandon the claims raised in the motion for new trial was a strategic decision that would be protected under Strickland's performance prong. (Id.) (citing Jones v. Barnes, 463 U.S. 745 (1983) and Smith v. Murray, 477 U.S. 527 (1986)). Sparger simply did not believe he could support Smith's claims, so he abandoned them and raised what he believed to be the most meritorious arguments. (Resp't's Ex. 2a.) As effective counsel should "'winnow out' weaker arguments even [if those] arguments may be meritorious," Jones, 463 U.S. at 751-52, this Court finds that the state habeas court's determination of the facts and application of controlling Supreme Court

authority was reasonable. Smith's independent claim of ineffective assistance of appellate counsel is without merit, so it cannot support a showing of cause to excuse Smith's procedural default of grounds 1, 2, 3, 4, 5, 6, and 8.

As Smith has not established cause and prejudice from his procedural default, grounds 1, 2, 3, 4, 5, 6, and 8 should be denied. Additionally, Smith's independent Sixth Amendment claim of ineffective assistance of appellate counsel, ground 7, should be denied, as he has not shown that the state court applied Supreme Court authority in an objectively unreasonable manner. Williams, 529 U.S. at 409.

## IV. CONCLUSION

For the foregoing reasons, Smith's motion for relief pursuant to 28 U.S.C. § 2254 should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this ___20th___ day of October, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA