

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2009 APR 13  AM 10: 42

CLERK _____
SO. DIST. OF GA.

HENRY WARING SMITH,      )
                                        )
       Petitioner,        )
                                        )
v.                                  )      CASE NO. CV407-114
                                        )
CYNTHIA NELSON, Warden; and    )
THE ATTORNEY GENERAL OF THE    )
STATE OF GEORGIA,             )
                                        )
       Respondents.       )
                                        )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 13), to which objections have been filed (Docs. 15 & 16). After a careful de novo review, including a review of the records of all State Court proceedings (Doc. 9, Attach. 1-13), the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The § 2254 Petition is **DENIED**. The **Clerk of Court** is **DIRECTED** to **close this case**.

In his Objections, Petitioner contends that he can meet the actual innocence standard under Schlup v. Delo, 513 U.S. 298 (1995), and, therefore, he can overcome his procedural defaults. Petitioner contends that O.C.G.A. § 16-3-23.1[1] was amended while his case was on appeal, and that his conviction cannot stand

---

[1] O.C.G.A. § 16-3-23.1 now provides: "A person who uses threat or force . . . in defense of a habitation . . . has the right to stand his or her ground and use force as provided in said Code sections, including deadly force."

because under the new version of the Code his actions do not constitute a crime.

To meet the Schlup standard a petitioner is "require[d] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. First, Petitioner does not have new evidence; he has a new theory of the case based on the same evidence presented at trial. (Docs. 15 & 16.) Without any new evidence supporting his claim, Schlup does not help petitioner. Second, the evidence presented at trial does not support Petitioner's new theory for innocence. While O.C.G.A. § 16-3-23.1 did not become effective until July 1, 2006, O.C.G.A. § 16-3-23 (defense of habitation) and O.C.G.A. § 16-3-21 (self defense) were both in effect at the time of Petitioner's trial. However, the trial judge declined to instruct the jury on these defenses, finding that Petitioner had not even asserted the most basic facts to support them. (Doc. 9, Attach. 10 at 293-94.) That is, Petitioner refused to admit to the shooting[2]—a precondition to asserting these defenses. (Id. at 294 ("[T]he only evidence up to this point has been the

---

[2] Petitioner's refusal to admit to the shooting likely stemmed from the fact that he was also charged with being a felon in possession of a firearm. Therefore, if he admitted to the shooting, he would be admitting to this lesser crime.

defendant's flat out denial he did any shooting whatsoever. So [charging the jury on self defense and defense of habitation is] just not justifiable based on the evidence.")) Accordingly, even if it was proper for this Court to consider Petitioner's argument for actual innocence under O.C.G.A. § 16-3-23.1 it would fail. That is, based on the evidence presented at trial, no jury could have found that Petitioner shot the victim in defense of his habitation because Petitioner did not present any evidence showing that he shot the victim in the first place. Claybourn v. State, 190 Ga. 861, 871, 11 S.E.2d 23, 29 (1940) (facts could not support justifiable homicide where Defendant denied all knowledge or involvement with the killing of the victim). Therefore, Petitioner cannot show actual innocence, supported by new evidence, under Schlup. Accordingly, the Objections are **DISMISSED**.

SO ORDERED this _13th_ day of April, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA